IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shirley G. Lawrence, ) | |
| ) | C/A No. 8:07-3215-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner").

## I. RELEVANT FACTS & PROCEDURAL HISTORY

Shirley Lawrence ("Plaintiff") alleges that she has been disabled since December 9, 2003, because of obesity, arthritis, a torn rotator cuff, slipped discs in the back, sleep apnea, and depression. (Tr. 78-92, 99). She filed applications for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act in May 2004. (Tr. 13) Plaintiff's applications were denied at the initial and reconsideration levels of administrative review. Plaintiff requested and received a hearing before an ALJ on October 26, 2005. The ALJ found that Plaintiff was not disabled and could perform sedentary work. (Tr. 13-24). The Appeals Council denied Plaintiff's request for review on July 27, 2007, thereby making the ALJ's decision the "final decision" of the Commissioner. (Tr. 5-7).

In reaching the conclusion that Plaintiff was not entitled to benefits, the Commissioner

adopted the ALJ's findings. Only the first five of these findings, which correspond to the five-step sequential evaluation of disability laid out in 20 C.F.R. § 404.1520 are relevant in this case. With respect to those five findings, the Commissioner adopted the ALJ's findings that:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2007;
>
> (2) The claimant has not engaged in substantial gainful activity since April 23, 2004, the alleged onset date;
>
> (3) The claimant has the following severe impairments: obesity, degenerative arthritis of the left knee, shoulder pain, sleep apnea, and depression;
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926); and
>
> (5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work with a sit/stand option every 30 minutes. She can lift and carry 10 pounds. She can sit for 6/8 hours, stand for 2/8 hours and walk for 2/8 hours. She can never push/pull with the left lower extremity due to knee pain. She cannot climb ladders, scaffolds, or ropes due to sleep apnea and left knee pain. She can occasionally climb stairs, balance, stoop, kneel, crouch, crawl, and reach overhead. She should avoid concentrated exposure to temperature extremes and fumes and should not be exposed to hazards due to sleep apnea. She can perform simple, 1-2 step tasks.

(Tr. 15-17).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for a Report and Recommendation. On September 17, 2008, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits be affirmed. Plaintiff filed objections to the Report and Recommendation on September 30, 2008. The Commissioner filed a reply to Plaintiff's objections on October 9, 2008.

This matter now is before the court for review of the Magistrate Judge's Report and

Recommendation. The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II.  STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the

Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III. THE APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as: "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. The five questions are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant has an impairment that meets or equals one of the listings in the appropriate appendix; (4) whether the claimant is prevented by the impairment or combination of impairments suffered from engaging in their relevant past employment; and (5) whether the claimant has the ability to engage in other gainful activity considering their age, education, past relevant experience, and residual functional capacity. *See* 20 C.F.R. § 404.1520 (2007).

An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments, or capable of returning to former work. In such a case, no further inquiry is necessary. If, however, the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the

Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy. *Harper v. Bowen*, 854 F.2d 678 (4th Cir. 1988); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to testify. 20 C.F.R. § 404.1566. The Commissioner must prove both the claimant's capacity and the job's existence.[1] *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

## V. DISCUSSION

Plaintiff contends the Magistrate Judge erred by: 1) ruling that the ALJ properly considered the effects of the claimant's obesity at all steps of the sequential evaluation process; (2) by ruling that the ALJ properly assessed the combined effect of all Plaintiff's impairments; and (3) concluding the ALJ's decision to reject the opinion of her treating physicians was acceptable.

A.    Obesity

Plaintiff first contends that the Magistrate Judge erred in concluding that the ALJ considered her obesity at all steps of the sequential evaluation because the ALJ did not engage in any discussion about how she is affected by her obesity. Rather, Plaintiff contends the ALJ merely made finding without explanation or support. (Pl.'s Objections, at 1). The court disagrees.

The phrase "supported by substantial evidence" has been defined by the courts as evidence that a reasoning mind would accept as sufficient to support a particular conclusion and evidence that is more than a scintilla but somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). At step three of the of the sequential evaluation process in this case, the ALJ

---

[1] There is no issue in this case as to the existence of alternative work in the national economy.

listed Plaintiff's severe impairments as obesity, degenerative arthritis of the left knee, shoulder pain, sleep apnea, and depression. (Tr. 15). At step four of the process, the ALJ conducted an individualized assessment of the affect Plaintiff's obesity had on her ability to perform routine movement and her ability to function over an eight-hour day performing sedentary work activity. (Tr. 17). Furthermore, at step five of the process, the ALJ cited Plaintiff's own testimony that "her weight affects her ability to kneel and causes her to get short of breath while walking." (Tr. 19). Therefore, the court finds that the ALJ did consider Plaintiff's obesity at each step of the sequential evaluation process. The court further finds that the ALJ's findings in regard to Plaintiff's obesity are supported by substantial evidence.

B.     Combination of Impairments

Plaintiff further contends the Magistrate Judge erred in concluding the ALJ considered all of Plaintiff's impairments in combination. In specific, Plaintiff states the application of *Sullivan v. Zebley*, 493 U.S. 521 (1990), would be inequitable in this case because the focus of that case was the unfairness of requiring claimants to show that they met or equaled the requirements of a listing, without allowing them the further opportunity to demonstrate at steps four and five how their combined impairments rendered them disabled. (Pl.'s Objections, at 2). The court disagrees.

The Magistrate Judge cited *Sullivan* for the proposition that "[f]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (citing 20 C.F.R. § 416.926 (a)

(2007)). As indicated by the citation, this proposition derives from the Code of Federal Regulations.[2] For this reason, the court finds that citing *Sullivan* to reference the Code of Federal Regulations was appropriate.

C.      Treating Physicians

Plaintiff further contends the Magistrate Judge erred by concluding that it was acceptable for the ALJ to reject the opinions of her treating physicians that she met the psychiatric listing and lacked the residual functional capacity to complete a full day's work. (Pl.'s Objections, at 2). The court disagrees.

A treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. By contrast, in circumstances where the treating physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, the ALJ holds the discretion to give less weight to the opinion. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). In this case, the record reflects that the ALJ explicitly considered Plaintiff's testimony regarding her symptoms, but he did not find her statements regarding intensity, persistence, and the limiting effects of these symptoms to be entirely credible. (Tr. 19). The ALJ went on to state that Plaintiff's medical records demonstrate that: (1) she showed no signs of acute distress when she was hospitalized for chest pain

---

[2] It should be noted that the ALJ explicitly stated that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 15). The court finds the ALJ did consider all Plaintiff's impairments in combination. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) ("The language of 20 C.F.R. § 404.1526 does not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue. It states that the ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a "listed impairment." ).

on July 28, 2008; (2) she was examined on September 7, 2004, following complaints of left knee pain and loss of balance, but the X-rays showed no abnormalities or fractures in the lumbar spine or the left knee; (3) she is well-treated for her sleep apnea; (4) she has been sporadically treated at a mental health center and has failed to keep appointments there. (Tr. 20-21). Furthermore, the ALJ explicitly explained why he accepted and rejected certain portions of the various opinions of Plaintiff's treating physicians. (Tr. 21-22). Therefore, the court finds that the assignment of weight to the opinions of Plaintiff's treating physicians was supported by substantial evidence.

## VI. CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, the Plaintiff's objections, and the Commissioner's reply, this court adopts the recommendation of the Magistrate Judge. For the reasons set out hereinabove, the Commissioner's final decision to deny benefits is **affirmed**.

**IT IS SO ORDERED**.

s/Margaret B. Seymour<br>
Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina

December 19, 2008